# In the United States Court of Federal Claims

No. 23-904
Filed: July 21, 2023

|  |  |
|---|---|
| LONNIE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

      On June 12, 2023, plaintiff, Lonnie "Surf" Moore, proceeding *pro se*, filed a complaint with this Court. *See generally* Complaint, ECF No. 1. Plaintiff alleges, *inter alia*, that the United States Department of Justice, the National Security Agency, and the Internal Revenue Service violated the Thirteenth Amendment's prohibition on involuntary servitude and Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968 ("the Wiretap Act") in a "scheme [of] fraud" and "covert surveillance to injure any successful actions that Surf Moore [had] achieve[d]," including an offer to play in the 1979 Rose Bowl. *See id.* at 4. Plaintiff also alleges instances of tax fraud, racketeering, and unconstitutional searches and invasions of privacy. *See id.* at 5–6. On July 19, 2023, defendant filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") and under 28 U.S.C. § 1915(e)(2)(B).

      This Court's jurisdictional grant is primarily set forth by the Tucker Act, which grants this Court subject-matter jurisdiction over claims brought against the United States that are grounded in a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). RCFC 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3). Plaintiff has the burden of demonstrating that this Court has jurisdiction over his claims. *See Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Pro se plaintiffs are given "leeway on procedural matters, such as pleading requirements," *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), but this leniency does not lessen the plaintiff's jurisdictional burden. *See Ibrahim v. United States*, 799 Fed. Appx. 865, 867 (Fed. Cir. 2020) (citing *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

      The Court finds that plaintiff's allegations do not give rise to a cause of action for which this Court has subject-matter jurisdiction. The Thirteenth Amendment is not a money-mandating source of law. *See Harris v. United States*, 686 F. App'x 895, 899 (Fed. Cir. 2017) (per curiam) (citing *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (per curiam)). Insofar as

plaintiff's claims are based on alleged tax fraud, racketeering, or violations of the Wiretap Act, this Court lacks jurisdiction over criminal matters.  *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  As such, this Court does not have authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).[1]

For the reasons set forth above, defendant's Motion to Dismiss is hereby **GRANTED**.  Accordingly, plaintiff's Complaint is **DISMISSED** pursuant to RCFC 12(b)(1) and RCFC 12(h)(3).  The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

*Loren A. Smith*

Loren A. Smith,
Senior Judge

---

[1] Because the Court has determined it lacks subject-matter jurisdiction to evaluate plaintiff's Complaint, the Court need not consider defendant's other arguments for dismissal.